IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

---

MOVING SIMPLIFIED, INC,

    Plaintiff,

v.

ESTES EXPRESS LINES, INC.,
d/b/a ESTES SUREMOVE

    Defendants.

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

1. Plaintiff, MOVINGSIMPLIFIED, INC, coming here and now by and through counsel complains of ESTES EXPRESS LINES d/b/a ESTES SUREMOVE, (referred to Hereinafter as "Defendant"), a division of ESTES EXPRESS LINES and states as follows:

### I. JURISDICTION

2. This lawsuit is brought pursuant to the Lanham Act of 1946, 15 U.S.C. § 1051, *et seq.* (The "Act"), as an action for declaratory and injunctive relief, destruction of infringing articles, costs of litigation and damages for the imitation of a registered trademark having been used with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive in violation of the Act. This court has jurisdiction of the subject matter to this action under 28 U.S.C. § 1331, pursuant to which the United States District Courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. Further under 15 U.S.C. § 1121 of the Act the District courts are given specific jurisdiction over cases arising under the Act.

3.       This court has personal jurisdiction over the parties in this action. Defendants to this action had or have an agent or agents who had or have independently transacted business in the state of North Carolina and certain activities of Defendants giving rise to this action took place in the State of North Carolina; more particularly, Defendant's act of violating federal laws and the proprietary rights of MOVING SIMPLIFIED, INC., as the owner of the registered trademark, by imitating such trademark took place within the State of North Carolina.

## II. VENUE

4.       Venue is proper in this judicial district under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in Mecklenburg County, which is within the Western District of North Carolina [28 U.S.C. § 113(c)].

## III. PARTIES

5.       Plaintiff, MOVING SIMPLIFIED, INC., (referred to hereinafter as "Plaintiff"), is at all times relevant hereto a North Carolina corporation under the laws of the State of North Carolina. Plaintiff is a North Carolina based moving company that specializes in packing and moving customers belongings from location to location. Plaintiff is the registered owner of the trademark "MOVING SIMPLIFIED" (hereafter referred to as "the trademark").

6.       Upon information and belief Defendant, ESTES EXPRESS LINES, INC, a Virginia Corporation with a principal place of business at 3901 West Broad Street, Richmond VA 23230.

7.       Upon information and belief their registered agent for Defendant is Corporation Service Company with a registered mailing address at 327 Hillsborough Street, Raleigh, NC 27603.

8. Upon information and belief Defendant is the entity with close control over the operating procedures, and marketing campaigns of ESTES marked motor vehicles.

## IV. FACTS

9. Plaintiff incorporates and realleges by reference allegations within paragraphs 1 through eight of this complaint as fully set forth herein.

10. On June 15, 2010 Moving Simplified obtained through the United States Patent and Trademark Office, and put into commerce their trademark "MOVING SIMPLIFIED." These actions were in full conformity with 15 U.S.C. §1051(a)(1) giving Plaintiff full rights to the use and ownership of the trademark.

11. Plaintiff's legal claim to the trademark and all rights and usage thereof do not expire until June 15, 2020, unless prior to such date, falling in conformity with 15 U.S.C. § 1059, Plaintiff chooses at their discretion to renew their exclusive right to the trademark through the United States Patent and Trademark Office.

12. At all relevant times Plaintiff has given constructive notice to any and all persons and entities of their exclusive right to the ownership and use of the trademark by having their registration of their mark on the principal register in conformity with 15 U.SC. § 1072.

13. At all relevant times Plaintiff has given actual notice to any and all persons and entities of their exclusive right to the ownership and use of the trademark by having their trademark followed by the letters "TM" enclosed in a circle directly beside the trademark, register in conformity with 15 U.SC. § 1111.

14. On or about August 1, 2016 Plaintiff observed a semi-trailer truck with an ESTES logo on it bearing the trademark that Plaintiff has exclusive rights of ownership and usage of.

Since that date Plaintiff has observed on a number of occasions ESTES marked vehicles with the trademark on them. For a period of time the internet website for ESTES SURE MOVE advertised with the trademark on their homepage.

15. Defendants, without entitlement, without prior permission or authorization from Plaintiff, and without having paid for the usage and benefit of displaying the trademark did display on and about their semi-trailer trucks that move through commerce in North Carolina the trademark.

16. Defendant's conduct violates federal statutes governing trademark usage, including 15 U.SC. § 1114(a). Moreover, Defendant's acts were knowingly unauthorized, willful, and for the purposes of the direct and indirect benefits received by imitating Plaintiffs registered trademark.

17. Plaintiff has been required to retain attorneys to prevent Defendant's wrongful acts and to prosecute this action. Due to Defendant's statutory violations, Plaintiff is entitled to recover the reasonable attorney's fees and expenses incurred in prosecution of this action under federal law.

## V. CAUSES OF ACTION
### Count 1 – Damages for Violation of Lanham Act (Trademark Act of 1946)
[15 U.S.C. § 1114(1)(b)]

18. Plaintiff realleges the allegations contained in the foregoing paragraphs of this complaint and incorporates such allegations as if fully set forth herein.

19. Plaintiff alleges on information and belief, that Defendant is the provider, operator, representative, and facilitator of the trucks baring the trade name of ESTES.

20. Plaintiff alleges on information and belief, that Defendant did knowingly display the trademark on the sides of their semi-trailer trucks that were in the stream of commerce, for indirect and direct benefits such as commercial gain.

21. Plaintiff alleges on information and belief, that Defendant did knowingly display a colorable imitation of Plaintiff's trademark in the stream of commerce. Defendant reproduced this imitation in commerce in connection with the advertisement and distribution of goods and services.

22. Plaintiff alleges on information and belief, that Defendant did knowingly display a colorable imitation of Plaintiff's trademark in the stream of commerce in connection with the sale of goods and services.

23. Defendant's acts have been committed with knowledge that such imitation would leave consumers and those observing such imitations to become confused, deceived or make a mistake.

24. Defendants on at least one occasions moved punctuation around within the imitation of the trademark in an attempt to avoid trademark infringement.

25. Defendant's conduct violates federal statues of trademark law.

26. Plaintiff is a person aggrieved by Defendant's violation of 15 U.S.C. § 1114(1)(a) and 15 U.S.C. § 1114(1)(b) and is authorized to institute action against Defendant pursuant to 15 U.S.C. § 1114(1)(b).

27. Defendant's violations of 15 U.S.C. § 1114(1)(b) have injured Plaintiff's ability to maximize the revenues which it seeks to derive from the exclusive ability to convey their trademark in the stream of commerce. As a further result of such violations, Plaintiff's goodwill and reputation have been usurped by Defendant's while Defendant's gained and will continue to

gain unjust profits and undeserved goodwill from such use and imitation of the trademark. Plaintiff is entitled to costs, reasonable attorney's fees, actual damages suffered and profits obtained by Defendant's attributable to their illegal conduct.

28. Alternatively, Plaintiff is entitled to statutory damages in the amount to include: Defendant's profits from the sale of moving household goods, Plaintiff's lost profits due to the use and imitation of Plaintiff's trademark, costs of litigation, and reasonable attorneys fees. Such amounts to be proven at trial.

### Count 2– Conversion

29. Plaintiff realleges the allegations contained in the foregoing paragraphs of this complaint and incorporates such allegations as if fully set forth herein.

30. By virtue of the conduct set forth above, Defendant has unlawfully converted Plaintiff's property for their own commercial use and benefit.

31. Such conversion was done knowingly, intentionally, and wrongfully by Defendant to deprive Plaintiff of its proprietary interests, and for Defendants direct commercial benefit and advantage.

32. Due to Defendant's wrongful conversion of Plaintiff's trademark, Plaintiff suffered damages.

### VI. REQUEST FOR INJUNCTIVE RELIEF

33. Plaintiff realleges the allegations contained in the foregoing paragraphs of this complaint and incorporates such allegations as if fully set forth herein.

34. Plaintiff further alleges that unless restrained by this Court, Defendants will continue to use and imitate Plaintiff's trademark in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114(1)(b).

35. The violations of 15 U.S.C. § 1114(1)(b) have caused and will continue to cause Plaintiff irreparable harm.

36. Plaintiff cannot practicably determine the loss of subscribers and lost revenues resulting from Defendant's unlawful conduct. In addition to diminishing Plaintiff's revenues Defendant's unlawful conduct injures Plaintiff's reputation and goodwill as well as its ability to attract and set itself apart from other competitors in the stream of commerce for future acquisition of clientele.

37. Plaintiff has no adequate remedy at law to redress the violations set forth above.

## VII. PRAYER

WHEREFORE, Plaintiff, MOVING SIMPLIFIED, INC, prays that this Court enter judgment in its favor and against Defendants, and:

   a. Declare that Defendant's unauthorized use and imitation of the trademark in connection with the sale or offer for sale, distribution, marketing, advertising for sale or offer for sale of goods and services in the stream of commerce with knowledge that the purpose of such use and imitation was intentionally to cause confusion, mistake or deception were in violation of 15 U.S.C. § 1114(1)(b)

   b. In accordance with 15 U.SC. § 1116(a), enjoin Defendant from (i) interfering with Plaintiff's proprietary rights; (ii) displaying, advertising, marketing, or in any was using the trademark without prior written consent (iii) further violations;

   c. Award Plaintiff statutory damages in the amount of damages in the amount to include: Defendant's profits from the sale of moving household goods, and

Plaintiff's lost profits due to the use and imitation of Plaintiff's trademark. Such amounts to be proven at trial.

e. That this court award Plaintiff its costs, including reasonable attorney's fees, prejudgment interest and post-judgment interest, and other such relief to which plaintiff may be entitled.

This the ___ day of 2016.

_____
John F. Hanzel
Counsel for Plaintiff
John F. Hanzel, P.A.
19425-G Liverpool Pkwy.
Cornelius, NC 28031
Tel: (704) 892-1375
Fax: (704) 892-5784
JFH@nclawoffice.com
NC State Bar No. 6186

# VERIFICATION

Eric Snider, being first duly sworn, deposed and says that he is the Plaintiff in the above-captioned action, that he has read the foregoing Complaint, that he knows the contents of the same, and that said contents are true of his own personal knowledge, except as to those matters therein alleged upon information and belief and, as to those matters, he believes them to be true.

NORTH CAROLINA
MECKLENBURG COUNTY

SWORN TO and SUBSCRIBED before me
This 3rd day of October, 2016.

_____
Notary Public

My commission expires: 8-7-21

*[Notary Seal: HEATHER L. HAEBLER, Notary Public, Mecklenburg County, My Comm. Exp. 08-07-2021, NORTH CAROLINA]*