# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cv-764-GCM

| | |
|---|---|
| MOVING SIMPLIFIED, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>ESTES EXPRESS LINES, INC. d/b/a<br>ESTES SUREMOVE,<br><br>      Defendant. | **CONSENT PROTECTIVE ORDER** |

  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and with the consent of the parties to this action, IT IS HEREBY ORDERED THAT:

  1. Any party hereto, or any third-party, producing, or providing documents, testimony or information in response to discovery or any other formal or informal request for information or documents, may designate as Confidential Material all or any part thereof containing sensitive financial, trade secret, marketing, customer, research, development, proprietary, other commercial information, or other sensitive information the producing party wishes to protect under this Consent Protective Order. All such responses and the information contained in them are referred to herein as "Confidential Material."

  2. The parties shall make the designation "Confidential Material" in the following manner:

    a. In the case of documents or other written materials, by affixing to the first page of each such document the word "CONFIDENTIAL" by label, stamp or other method which will make that word reasonably conspicuous;

b. In the case of electronic media, by affixing to the CD, video tape, audio tape, or other magnetic media, or the case for said material the word "CONFIDENTIAL" by label, stamp, or other method which will make that word reasonably conspicuous;

c. In the case of large numbers of documents or bulk documents, by producing them for inspection by "Qualified Persons" as identified in Paragraph 4 of this Order with a statement that the information contained in the documents is confidential, and then by specifically labeling, stamping or marking as confidential only those documents which counsel for the inspecting party requests copies; and

d. During depositions, by either indicating on the record at the deposition the specific testimony which contains Confidential Information that is to be made subject to the provisions of this Order or by designating, in writing, within 30 days following receipt of the transcript of the deposition, of the specific pages and lines of the transcript that are to be designated Confidential. Each producing party shall attach a copy of such written designation to the face of the transcript and each copy thereof in its possession, custody or control.

3. Any material thus designated as Confidential Material shall be revealed only to and used only by "Qualified Persons" as provided in Paragraph 4 of this Order and only in connection with the litigation of this case or for purposes of settlement discussions. Such Confidential Material shall not: (1) be used for the purpose of competing in business with the party providing the Confidential Material; (2) used for any other commercial or business purpose; (3) be disclosed by such Qualified Persons to anyone except other Qualified Persons; or (4) be used in any other civil action or legal proceeding without the written agreement of the party who produced the material or without further order of this Court.

4. As used herein, "Qualified Persons" means:

   a. This Court, including its staff and any jury selected in this case, under such safeguards as are provided in this Order or as are required by this Court in the event any Confidential Material is to be used or introduced at trial;

   b. Present and subsequent in-house and outside counsel for the parties to this action, together with their paralegals and clerical employees actually working on the case at any time;

   c. Outside experts consulted or retained by counsel in connection with the preparation for trial or trial of this action;

   d. Those officers, employees and agents of a party, including any insurance carrier and its personnel or others, whose access to Confidential Material is deemed by counsel for that party to be appropriate to the prosecution or defense of this action. Disclosure of Confidential Material to such a person shall be confined to those materials deemed necessary by counsel for that purpose; and

   e. The individual parties to this action.

5. It shall be the responsibility of counsel for each party to this action to insure that Qualified Persons receiving Confidential Material pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them.

6. This stipulation and Order shall be without prejudice to the right of any party to oppose production of any information on any grounds other than confidentiality or to bring before the Court at any time the question whether any particular information is or is not in fact of a confidential nature as contemplated by the provisions of this Order.

7. Nothing contained in this Order shall prevent disclosure or use of any Confidential Material in connection with the litigation of this case, so long as such disclosure or use is deemed necessary in the judgment of counsel proposing to disclose or use such material for the prosecution or defense of this action. In the event that a party wishes to use information or documents designated as Confidential Material in any document, pleading or deposition transcript filed in this litigation, such document, pleading or transcript (or the party thereof containing Confidential Material) shall be filed under seal and maintained under seal by the Court, subject to further order.

8. At the completion of the above-styled lawsuit, the parties shall, upon the timely request of any party, destroy all Confidential Material and all copies thereof obtained pursuant to this Order. In the alternative, upon the request of any party and with costs borne by that party, all parties shall return all Confidential Material and all copies thereof obtained to the producing party. The ultimate disposition of the protected materials shall be subject to further orders of this Court.

9. If any party designates any documents, testimony or other information as confidential and any other party disputes or disagrees with the designation, the parties shall endeavor in good faith to resolve their differences of opinion.

**SO ORDERED.**

Signed: January 2, 2018

Graham C. Mullen
United States District Judge

**CONSENTED TO BY:**

| | |
|---|---|
| **JOHN F. HANZEL, P.A.** | **POYNER SPRUILL LLP** |

By: s/ John F. Hanzel
    John F. Hanzel
    N.C. State Bar No. 6186
    JFH@hanzellaw.com
    19425-G Liverpool Pkwy.
    Cornelius, NC 28031
    Tel: (704) 892-1375
    Fax: (704) 892-5784

    COUNSEL FOR PLAINTIFF
    MOVING SIMPLIFIED, INC.

By: s/ Eric P. Stevens
    Eric P. Stevens
    N.C. State Bar No. 17609
    estevens@poynerspruill.com

By: s/ Andrew H. Erteschik
    Andrew H. Erteschik
    N.C. State Bar No. 35269
    aerteschik@poynerspruill.com
    P.O. Box 1801
    Raleigh, NC 27602-1801
    Telephone: 919.783.2895
    Facsimile: 919.783.1075

By: s/ John M. Durnovich
    John M. Durnovich
    N.C. State Bar No. 47715
    jdurnovich@poynerspruill.com
    301 S. College St., Suite 2900
    Charlotte, NC 28202
    Telephone: 704.342.5344
    Facsimile: 704.342.5264

    COUNSEL FOR DEFENDANT
    ESTES EXPRESS LINES, INC.